# EXHIBIT C

| | |
|---|---|
| District Court, Denver County, Colorado<br>1437 Bannock St.<br>Denver, CO 80202<br><br>Plaintiff(s):  Carrie Whatley<br><br>v.<br><br>Defendant(s):  CoreLogic Rental Property Solutions, LLC | DATE FILED: November 12, 2020 12:20 PM<br>FILING ID: 87376087EA791<br>CASE NUMBER: 2020CV33846<br><br>▲               ▲<br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Matthew R. Osborne #40835<br>11178 Huron Street, Suite 7<br>Northglenn, CO 80234<br>Phone Number: (303) 759-7018<br>E-mail: matt@mrosbornelawpc.com | Case Number:<br><br><br><br>Division            Courtroom |
| **COMPLAINT** | |

1. Plaintiff is an individual who resides in Denver, CO.

2. Defendant CoreLogic Rental Property Solutions, LLC is a Delaware limited liability company located at 40 PACIFICA AVENUE, SUITE 900, IRVINE, CA 92618.

3. Plaintiff applied for an apartment complex called Spyglass in June 2020.

4. Plaintiff gave Spyglass her full name, Social Security Number ("SSN"), and date of birth ("DOB") on the application.

5. Spyglass ordered a "consumer report" on Plaintiff in connection with the credit application submitted by Plaintiff.

6. In response to the request for Plaintiff's consumer report, Defendant sold Spyglass a consumer report riddled with a host of inaccurate information.

7. For example, Defendant reported that Plaintiff's last name was "Whattey" instead of "Whatley", and Defendant also reported an incorrect SSN and DOB for Plaintiff, and grossly overstated Plaintiff's income, all of which likely caused Spyglass to believe that Plaintiff had submitted a fraudulent application.

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

8. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

9. Defendant negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of the information in Plaintiff's consumer reports – one reasonable procedure would be to ensure that the name, DOB, and SSN reported actually matches the data that the user submitted to Defendant when purchasing the consumer report.  Defendant violated this section of the FCRA by selling a report about Plaintiff which contained the wrong last name, DOB, SSN, and income.

10. Defendant negligently and willfully violated 15 U.S.C. § 1681g(2) by failing to report the "source" of the monthly income that was reported.  Although Defendant reported an inaccurate income for Plaintiff, Defendant did not include the source of the data as required by the FCRA, which left Plaintiff without any information as to where the false information came from.

11. Defendant's inaccurate reporting led to the denial of Plaintiff's application because Defendant generated a false score of 274, which Spyglass set up to automatically decline any score that low, and the false score was calculated using Defendant's false data. Not to mention that it is considered a major red flag when basic information such as name, DOB, and SSN on the credit application does not match that same data on the consumer report.

12. Defendant's violations of the FCRA caused Plaintiff actual damages such as lost housing opportunities, inconvenience, application fees, and harm to credit rating.

WHEREFORE, Plaintiff prays for the following relief:

   a) Actual damages to be determined at trial;
   b) Punitive damages to be determined at trial;
   c) $1,000 in statutory damages;
   d) Reasonable attorney fees and costs.

s/ Matthew R. Osborne
Attorney for Plaintiff